IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE COMPANY,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **7:05-cv-118 (HL)** |
| | : | |
| **KEITH MARTIN DIXON,** | : | |
| **SHANNON MICHELLE DIXON,** | : | |
| **JESSE L. PARROTT, AND** | : | |
| **NANCY W. PARROTT,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Before the Court are Defendants Keith Martin Dixon and Shannon Michelle Dixon's Motion to Dismiss Complaint (doc. # 13), Defendants Jesse L. Parrott and Nancy W. Parrott's Motion to Dismiss Complaint (doc. # 25), and a Motion for Voluntary Dismissal Without Prejudice (doc. # 39), filed by Plaintiff Auto-Owners Insurance Company and Defendants Jesse L. Parrott and Nancy W. Parrott. For the reasons set forth herein, the Motion for Voluntary Dismissal Without Prejudice (doc. # 39) is granted, and the remaining Motions to Dismiss (doc. #'s 13, 25) are denied as moot.

## I. FACTS AND PROCEDURAL HISTORY

On June 9, 2004, Defendants Keith Martin Dixon and Shannon Michelle Dixon ("Dixons") filed suit in the Superior Court of Lowndes County, Georgia, against Defendants

Jesse L. Parrott and Nancy W. Parrott ("Parrotts"). Allegedly, the Parrotts' dog, Six Pack, attacked Keith Dixon while he was delivering a package. Plaintiff Auto-Owners Insurance Company ("AOIC") filed this action on November 14, 2005, seeking declaratory judgment as to its duty to defend or indemnify the Parrotts in the pending superior court action. The Dixons responded on December 22, 2005, with a Motion to Dismiss (doc. # 13), and the Parrotts followed with their own Motion to Dismiss (doc. # 25) on February 14, 2006. On June 13, 2006, AOIC and the Parrotts filed a Motion for Voluntary Dismissal Without Prejudice, which the Dixons opposed.

## II. ANALYSIS

### A. Motion for Voluntary Dismissal[1]

The Federal Rules of Civil Procedure allow a plaintiff to voluntarily dismiss his case "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment," or "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1). A plaintiff who cannot meet the requirements of dismissal set forth at Rule 41(a)(1) may still voluntarily dismiss his case, but only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The decision whether or not to grant dismissal pursuant to Rule 41(a)(2) is within the discretion of the district court. Fisher v. P. R. Marine

---

[1] If granted, Plaintiff's motion for voluntary dismissal will dispose of the other outstanding motions in this case. Therefore, the Court will address the Motion for Voluntary Dismissal (doc. # 39) first.

2

Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991).

Summarizing the proper application of this rule, the United States Court of Appeals for the Eleventh Circuit has explained,

> A voluntary dismissal without prejudice is not a matter of right. Although we have said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit, the decision whether or not to grant such a dismissal is within the sound discretion of the district court and reviewable only for abuse of discretion.

Fisher, 940 F.2d at 1502-03 (citations omitted). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted).

The Eleventh Circuit has not explicitly adopted a list of factors that a trial court should consider when determining whether a defendant would suffer "plain prejudice" versus the "mere prospect of a second lawsuit." Id.[2] Instead, cases within this Circuit have emphasized a trial court's broad discretion when deciding whether or not to grant a motion to dismiss without prejudice and its power to operate freely within a zone of choice. See, e.g., id.; Fisher, 940 F.2d at 1503.

---

[2] By contrast, a number of other circuit courts have adopted a list of factors to guide trial courts deciding whether to grant motions to dismiss without prejudice. These include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969); see also Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996). In Potenberg, the Eleventh Circuit simply noted, "this circuit has never specifically addressed or adopted the Pace factors." 252 F.3d at 1259.

Decisions in which trial courts in the Eleventh Circuit have denied a plaintiff's request to dismiss a case without prejudice have hinged on various factors as the reviewing courts sought "to weigh the relevant equities and do justices between the parties." <u>Stephens v. Ga. Dep't of Transp.</u>, 134 Fed. Appx. 320, 323 (11th Cir. 2005) (finding the two years between plaintiff's filing her complaint and her motion to dismiss, the numerous motions filed and discovery produced within that time and defendant's pending motion for summary judgment constituted prejudice to defendant and justified the court's denial of plaintiff's motion to dismiss without prejudice); <u>Witbeck v. Embry Riddle Aeronautical Univ.</u>, 219 F.R.D. 540, 542 (M.D. Fla. 2004) (finding the combination of defendant's expenditure of substantial resources, prior court extensions on plaintiff's behalf and defendant's pending summary judgment motion constituted sufficient prejudice to defendant to justify a denial of plaintiff's motion to dismiss without prejudice). Given these examples of factors to be considered, "[t]he crucial question to be determined is, would the defendant lose any substantial right by the dismissal." <u>Id.</u>

As mentioned before, Plaintiff and the Parrotts request that the Court grant their Motion to Dismiss Without Prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Dixons oppose this motion, but have failed to identify any potential future prejudice they may suffer, other than the mere prospect of a second lawsuit. In fact, the only difference between the parties' positions appears to be the issue of prejudice. Both parties have asked the Court to rule on their outstanding motions for dismissal, but the Dixons wish the dismissal to be with prejudice so as to avoid appearing in federal court on this matter again.

Considering the circumstances of this case in light of the foregoing analysis, the Court finds nothing to mitigate against dismissal.

The Court enjoys broad discretion when considering whether to grant motions to dismiss without prejudice. A plaintiff is not entitled to such a dismissal as a matter of right. However, the Court is not satisfied the Dixons would be prejudiced by such a dismissal, based on the combination of the aforementioned factors and the early stage of this case. Accordingly, the Court grants Plaintiff's Motion.

**B. Defendants' Motions to Dismiss**

In support of their Motions to Dismiss (doc. #'s 13, 25), the Dixons and the Parrotts argued that the abstention doctrine warrants a dismissal of this action. Even though the Court has ruled that a dismissal without prejudice pursuant to Rule 41(a)(2) is proper, a brief mention of the abstention doctrine may be helpful for purposes of clarity.

Ordinarily, dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, are without prejudice. Costello v. United States, 365 U.S. 265, 285 (1961).[3] Similarly, numerous courts that have engaged in abstention pursuant to the holdings of Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942), and Wilton v. Seven

_____

[3] One noteworthy exception to this general rule is that "[i]n rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, and its decision to do so is reviewed for abuse of discretion." Mitan v. Int'l Fid. Ins. Co., 23 Fed. Appx. 292, 298 (6th Cir. 2001) (quoting Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1091 (D.C. Cir. 1998)). Notwithstanding this inherent power, nothing present in the record reveals any misconduct on behalf of Plaintiff or the Parrotts that could be construed "to present one of those relatively infrequent instances in which flagrant abuse of federal court jurisdiction is obvious." Mitan, 23 Fed. Appx. at 298 (citation and quotation omitted).

<u>Falls Co.</u>, 515 U.S. 277 (1995), have faced the decision whether to stay the declaratory judgment action or to dismiss it without prejudice and have chosen the latter path. <u>See, e.g.</u>, <u>Ameritas Variable Life Ins. Co. v. Roach</u>, 411 F.3d 1328, 1332 (11th Cir. 2005) (finding no abuse of discretion in district court's decision to dismiss a declaratory judgment action in favor of a parallel state court action); <u>Lexington Ins. Co. v. Rolison</u>, 434 F. Supp. 2d 1228, 1245-46 (S.D. Ala. 2006) (choosing to dismiss a declaratory judgment without prejudice to enable the parties to litigate all issues pertaining to the dispute in a parallel state court action).

The Dixons' opposition to AOIC and the Parrotts' Motion to Dismiss reflects that the Dixons seek a dismissal *with* prejudice based on their argument that the abstention doctrine precludes the Court from considering this matter. However, the foregoing analysis shows that even if the Court were to grant the Dixons' Motion to Dismiss (doc. # 13), that dismissal would be *without* prejudice. Therefore, even were the Court to find the abstention doctrine applied in this case, the substantive holding in this Order would not differ.

Finally, the Court notes the Parrotts have not withdrawn their Motion to Dismiss (doc. # 25) based on the abstention doctrine, despite their support of AOIC's Motion for Voluntary Dismissal Without Prejudice. However, due to that same support of AOIC's motion, the Court assumes that the Parrotts no longer wish to pursue the original Motion to Dismiss. Notwithstanding the Parrotts' undisclosed intentions in regards to their original motion, for the foregoing reasons, the Court finds dismissal without prejudice to be the proper result in this case.

6

**III. CONCLUSION**

For the reasons given above, the Motion for Voluntary Dismissal Without Prejudice

(doc. # 39) is granted.  Defendants' Motions to Dismiss (doc. #'s 13, 25) are denied as moot.

**SO ORDERED**, this the 16th day of August, 2006.

s/    Hugh Lawson
**HUGH LAWSON, Judge**

gac

7